UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **LAKE LITE INC.** <br> PO Box 414 <br> 105 West Simon St. <br> Laotto, IN 46763 <br>     Plaintiff, <br><br> vs. <br><br> **UNIVERSAL FOREST PRODUCTS, INC.** <br> 2801 E. Beltline NE <br> Grand Rapids, MI 49525 <br><br> and <br><br> **UNIVERSAL CONSUMER PRODUCTS, INC.** <br> 2801 E. Beltline NE <br> Grand Rapids, MI 49525 <br><br> and <br><br> **MAINE ORNAMENTAL, LLC** <br> 933 US Route 202 <br> Greene, ME 04236 <br><br>     Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Case No. _____ <br><br> Judge _____ <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Lake Lite, Inc. ("Lake Lite"), for its complaint against Defendants Universal Forest Products, Inc. ("UFP"), Universal Consumer Products, Inc. ("UCP"), and Maine Ornamental, LLC ("Maine Ornamental") (collectively, "Defendants"), states as follows:

### NATURE OF THE ACTION

1.     Lake Lite's Complaint arises from Defendants infringement of Lake Lite's copyrights and patents, as well as their unauthorized use and misappropriation of Lake Lite's confidential information and trade secrets, their violation of the Mutual Non-Disclosure

Agreement between Lake Lite and UCP, and their unjust enrichment as a result thereof attributable to Defendants' manufacture, importing, marketing and sale of their Solar Deck and Dock Lights products.

## PARTIES

2. Lake Lite is a corporation organized and existing under the laws of the State of Indiana with its principal place of business at PO Box 414, 105 West Simon St., Laotto, IN 46763.

3. On information and belief, UFP is a corporation organized and existing under the laws of the State of Michigan with its principal place of business at 2801 E. Beltline NE, Grand Rapids, MI 49525.

4. On information and belief, UCP is a corporation organized and existing under the laws of the State of Michigan with its principal place of business at 2801 E. Beltline NE, Grand Rapids, MI 49525.

5. On information and belief, Maine Ornamental is a limited liability company organized and existing under the laws of the State of Michigan with its principal place of business at 933 US Route 202, Greene, ME 04236.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (actions arising under the laws of the United States) and 28 U.S.C. § 1338 (actions arising under an Act of Congress relating to patents and copyrights). This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

## BACKGROUND

8. Lake Lite is in the business of designing and selling dock lights and numerous other related products accessories in the boating/dock industry, including solar-related dock lights.

9. In April 2012, Lake Lite first began rolling out a new line of innovative solar dock light products invented by Lake Lite's founder, Jeff Martzall. These innovative and novel products included, for example, Lake Lite's Solar Dock Dots for 1-3/8" Holes product, EZ Solar Pocket Dots product, and the Solar Dock Dots for 2-3/8" Holes product (collectively, the "Solar Dot Products"). Pictures of the Solar Dot Products were posted on Lake Lite's website, www.lakelite.com.

10. In early May 2012, Lake Lite began accepting orders for Solar Dot Products and began shipping products to consumers and retail distribution customers in June and July 2012.

11. In July 2012, representatives from UFP, namely, Rick Preble, contacted Keith Henley at Lake Lite regarding the Solar Dot Products, and in particular, specifically inquiring as to the possibility of UFP collaborating with Lake Lite to provide the Solar Dot Products to UFP's customers and/or to license Lake Lite's intellectual property rights in the Solar Dot Products. Pursuant thereto, Lake Lite forwarded samples of the Solar Dot Products to UFP for evaluation on or about August 22, 2012, which was followed up with a meeting between Mr. Henley and UFP personnel the week of September 28, 2012.

12. Following this meeting, on November 6, 2012, Lake Lite and UFP's parent corporation, UCP, entered into a mutual non-disclosure agreement with respect to confidential information to be exchanged between the parties "for the limited purpose of evaluating commercial, market potential and product & application information to facilitate taking" the

Solar Dot Products to market. (See Exhibit A hereto, Mutual Non-Disclosure Agreement ("MNDA"), para. A).

13. On March 18, 2013, Jeff Martzall forwarded copies of Lake Lite's originally created and copyrighted design work for the Solar Dot Products to Defendants and Defendants' representatives, including Lake Lite's original 3D files for the Solar Dot Products. Some of those designs are depicted in the deposit materials submitted with Lake Lite's copyright applications filed on October 5, 2012 and July 26, 2013, now registered at the United States Copyright Office as US Copyright Nos. VAu001118627 and VAu001156962 (Exhibits B and C, respectively) (the "Lake Light Copyright Registrations").

14. Over the next few months, UFP continuously requested that Lake Lite redesign the existing Solar Dot Products to a design more desired by UFP having a vertical battery arrangement (the "Vertical Battery Solar Dot Design"). Lake Lite consistently and tirelessly complied, completing all of the engineering and technical drawing modifications thereto, none of which Lake Lite was compensated for by UFP in any way. Despite repeatedly requesting that UFP follow through with the proposed and promised license agreement for UFP's use of Lake Lite's intellectual property and Confidential Information incorporated in the Vertical Battery Solar Dot Design, UFP never finalized such an agreement despite repeatedly stringing Lake Lite along. (See, e.g., Exhibit D, "I want to reassure you that the NDA we have in place with you protects you. That's why we have it."; email from Sue Labrie, UFP Product Design Development Specialist on March 15, 2013.)

15. After multiple attempts by UFP to lower originally discussed licensing terms, and after failing to come to an agreement thereon, the parties discontinued contact in August 2013.

16. On January 7, 2013, U.S. Pat. No. D697,246 (the "'246 Patent"), entitled Solar Dock Light, was duly and validly issued to Jeffrey Martzall (Exhibit E). Lake Lite is the owner of the '246 Patent (Exhibit F).

17. On September 30, 2014, U.S. Pat. No. 8,845,126 (the "'126 Patent"), entitled Low Profile Solar LED Lamp, was duly and validly issued to Lake Lite (Exhibit G).

18. On September 17, 2014, Mr. Martzall purchased the Solar Deck and Dock Lights 4-pack package, Lowe's item # 568252, Model # 180271 (the "UFP Product," see Exhibit H) at the Lowe's store located at 6931 Lima Rd., Fort Wayne, IN 46818.

19. The UFP Product is the embodiment of the Vertical Battery Solar Dot Design created by Mr. Martzall, constitutes an unauthorized derivative work of the Lake Lite Copyright Registrations, infringes the '246 Patent and the '126 Patent, is based upon Confidential Information provided to Defendants pursuant to the MNDA, and incorporates Lake Lite's trade secrets therein.

## COUNT ONE – COPYRIGHT INFRINGEMENT

20. As a cause of action and ground for relief, Lake Lite alleges that Defendants engaged in acts of copyright infringement under 17 U.S.C. § 101, *et seq.,* and incorporates by reference the foregoing paragraphs as if fully set forth herein.

21. Lake Lite has complied in all respects with the Copyright Act of 1976, as amended, and received from the Register of Copyrights Copyright No. VAu001118627 and VAu001156962 (the "Lake Lite Copyright Registrations"). Evidence of the Registrations and the deposit materials are attached hereto as Exhibits B and C, respectively.

22. The Lake Lite Copyright Registrations embody copyrightable expression and subject matter created by Lake Lite under the copyright laws of the United States.

5

23. Lake Lite is the owner of all right, title, and interest in and to the Lake Lite Copyright Registrations (Exhibit F).

24. With full knowledge of Lake Lite's rights, and in open and known hostility to them, Defendants—in violation of Lake Lite's exclusive rights under 17 U.S.C. § 106—has infringed and continues to infringe the Lake Lite Copyright Registrations by substantially copying, distributing, displaying, and making derivative works of the Lake Lite Copyright Registrations without Lake Lite's consent.

25. As described above, the UFP Product comprises an infringing copy and/or unauthorized derivative work of the Lake Lite Copyright Registrations.

26. Defendants continued sale of the UFP Product constitutes willful infringement of the Lake Lite Copyright Registrations to Lake Lite's irreparable damage.

27. As a direct and proximate result of infringement by Defendants of the Lake Lite Copyright Registrations and Lake Lite's exclusive rights under copyright, Lake Lite is entitled to damages and profits under 17 U.S.C. § 504 for each infringement.

28. Lake Lite is entitled to its attorneys' fees and full costs under 17 U.S.C. § 505.

29. The above conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Lake Lite great and irreparable injury that cannot fully be compensated or measured in money. Lake Lite has no adequate remedy at law. Under 17 U.S.C. § 502, Lake Lite is entitled to preliminary and permanent injunctions prohibiting further infringements of the Lake Lite Copyright Registrations by Defendants.

## COUNT TWO - INFRINGEMENT OF U.S. PATENT NO. D697,246

30. Lake Lite repeats and realleges the allegations set forth in paragraphs 1-29 above, as though fully set forth herein.

31. This cause of action arises under Section 35 of the Patent Laws of the United States, 35 U.S.C. § 271.

32. Lake Lite is the owner of all right, title and interest in the '246 Patent.

33. The '246 Patent is valid and enforceable.

34. By the acts alleged above, Defendants have made, used, offered to sell, sold and/or imported into the United States, and on information and belief, still are making, using, offering to sell, selling, and/or importing into the United States, products that infringe the '246 Patent, without Lake Lite's authorization or consent.

35. Defendants' infringement has been intentional and willful, making this an exceptional case.

36. Defendants will, on information and belief, continue to infringe upon Lake Lite's rights under § 271 of the Patent Act unless and until they are enjoined by this Court. Lake Lite has been and is likely to continue to be irreparably injured unless Defendants are enjoined. Lake Lite has no adequate remedy at law.

### COUNT THREE - INFRINGEMENT OF U.S. PATENT NO. 8,845,126

37. Lake Lite repeats and realleges the allegations set forth in paragraphs 1-36 above, as though fully set forth herein.

38. This cause of action arises under Section 35 of the Patent Laws of the United States, 35 U.S.C. § 271.

39. Lake Lite is the owner of all right, title and interest in the '126 Patent.

40. The '126 patent is valid and enforceable.

41. By the acts alleged above, Defendants have made, used, offered to sell, sold and/or imported into the United States, and on information and belief, still are making, using,

offering to sell, selling, and/or importing into the United States, products that infringe directly or indirectly through contributory and/or induced infringement, at least one claim of the '126 Patent, without Lake Lite's authorization or consent.

42. On information and belief, Defendants' infringement has been intentional and willful, making this an exceptional case.

43. Defendants will, on information and belief, continue to infringe upon Lake Lite's rights under § 271 of the Patent Act unless and until they are enjoined by this Court. Lake Lite has been and is likely to continue to be irreparably injured unless Defendants are enjoined. Lake Lite has no adequate remedy at law.

## COUNT FOUR – BREACH OF CONTRACT

44. Lake Lite repeats and realleges the allegations set forth in paragraphs 1-43 above, as though fully set forth herein.

45. Lake Lite and UCP entered into a Mutual Non-Disclosure Agreement ("MNDA") on November 6, 2012. (Exhibit A)

46. Pursuant to the express terms of the MNDA, a Discloser provides Confidential Information to a Recipient regarding the exchange of information "for the limited purpose of evaluating commercial, market potential and product & application information to facilitate taking" the Solar Dot Products to market and that "no disclosure may be made to any parent, subsidiary or affiliated companies of Recipient." (MNDA, para. A)

47. The MNDA states that a Recipient "agrees and acknowledges that all Confidential Information shall be and remain sole property of Discloser" and that nothing contained in the MNDA "shall be construed as granting Recipient any right to develop, manufacture, produce

and/or distribute any product(s) derived from or which otherwise uses any of the Confidential Information, or authorize or in any way assist others to do so." (MNDA, para. B)

48. The MNDA states that "all Confidential Information must be returned to the [Discloser] no more than ten (10) days after discussions between the [Discloser] and the Recipient terminate in the event the business relationship contemplated herein does not move forward." (MNDA, para. C)

49. Lake Lite has fully performed its obligations under the terms of the MNDA.

50. UCP (and/or UFP and/or Maine Ornamental) have breached the MNDA by, at least: (1) using Confidential Information provided by Lake Lite for purposes other than expressly allowed by the MNDA; (2) providing Confidential Information provided by Lake Lite to parents, subsidiaries and/or related entities of UCP in violation of the MNDA; (3) misappropriating the Confidential Information provided by Lake Lite in the production of the UFP Product; and (4) failing to destroy Confidential Information provided by Lake Lite within ten (10) days after termination of discussions between Lake Lite and Defendants.

51. As a direct and proximate result of Defendants' breach of the MNDA, Lake Lite has suffered damages and loss of business revenue, income, goodwill and opportunities.

52. The MNDA provides that Lake Lite may seek injunctive relief and also recover damages, court costs, reasonable fees of attorneys, accountants and expert witness expenses.

## COUNT FIVE – BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

53. Lake Lite repeats and realleges the allegations set forth in paragraphs 1-52 above, as though fully set forth herein.

54. In every contract, there is an implied duty of good faith and fair dealing. This implied duty prevents one party from exercising judgment in such a manner as to evade the spirit of the transaction or to deny the other party the expected benefits of the contract.

55. When Lake Lite entered into the MNDA with UCP, Lake Lite reasonably believed that if UCP (or any of its subsidiaries or related companies), sold a product based upon Confidential Information provided from Lake Lite to Defendants, and/or any information relating to the Lake Lite Solar Dot Products and/or Lake Lite's Vertical Battery Solar Dot Design provided by Lake Lite, that Lake Lite would be appropriately compensated for its intellectual property.

56. Defendants breached its implied duty of good faith and fair dealing by evading the spirit of the MNDA by selling the UFP Product, clearly incorporating Lake Lite's Confidential Information therein and based upon Lake Lite's Solar Dot Products and/or Lake Lite's Vertical Battery Solar Dot Design without Lake Lite's knowledge or authorization.

57. Defendants have therefore violated the implied duty of good faith and fair dealing by engaging in the misleading and deceptive practices described herein.

## COUNT SIX – VIOLATION OF INDIANA UNIFORM TRADE SECRET ACT

58. Lake Lite repeats and realleges the allegations set forth in paragraphs 1-57 above, as though fully set forth herein.

59. At all times pertinent hereto there was in effect in the State of Indiana the Indiana Uniform Trade Secrets Act ("the UTSA" or "the Act"), codified at I.C. § 24-2-3-1, *et seq*.

60. In part, the UTSA prohibits "misappropriation" of "trade secrets" as those terms are defined therein at I. C. §§ 24-2-3-3 and -4.

61. The UTSA authorizes damages as remedies in an action by a complainant of actual loss, unjust enrichment, royalties, attorney fees and exemplary damages for violation of the Act.

62. The UTSA also provides for sealing of records to prevent disclosure of trade secrets in an action under the Act.

63. As set forth herein, Defendants have used and misappropriated Lake Lite's trade secrets in violation of the Act in connection with the manufacture and sale of the UFP Product.

64. As a direct result of Defendants' violations of the Act, Lake Lite has been harmed and will be harmed in the future and has suffered losses for which it is entitled compensation.

## COUNT SEVEN – UNJUST ENRICHMENT

65. Lake Lite repeats and realleges the allegations set forth in paragraphs 1-64 above, as though fully set forth herein.

66. Defendants have been unjustly enriched at the expense of Lake Lite as a result of their actions in appropriating for their own use and benefit the Confidential Information, trade secrets, and work product of Lake Lite related to the Solar Dock Dots and Vertical Battery Solar Dot Design conceived by Lake Lite and communicated to Defendants on a confidential basis.

67. The value of the benefit received by Defendants, whereby they have been unjustly enriched, is at least equivalent to the profits Defendants have made, and will make in the future, based upon the sales of the UFP Product.

68. In accordance therewith, Lake Lite seeks the imposition of a constructive trust on all proceeds from the sale of the UFP Product by any of the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lake Lite requests the following relief:

A.   Entering judgment in Lake Lite's favor against Defendants on all claims;

B.   Adjudging and decreeing that Defendants have unlawfully infringed the Lake Lite Copyright Registrations;

C.   Adjudging and decreeing that Defendants have unlawfully infringed, contributorily infringed and/or induced infringement of the '246 Patent and the '126 Patent;

D.   Adjudging and decreeing that Defendants have violated the MNDA signed between Lake Lite and UCP;

E.   Adjudging and decreeing that Defendants have violated the implied duty of good faith and fair dealing in connection with their dealings with Lake Lite related to Lake Lite's Solar Dock Dots product and Vertical Battery Solar Dot Design;

F.   Adjudging and decreeing that Defendants have misappropriated Lake Lite's trade secrets in violation of the UTSA;

G.   Adjudging and decreeing that Defendants have been unjustly enriched by their misappropriation of Lake Lite's rights in the Solar Dock Dots products and Vertical Battery Solar Dot Design;

H.   Preliminarily and permanently enjoining Defendants, their agents, factories, servants, employees and attorneys and all those acting in concert or participation with them from:

    1. importing, distributing, advertising, promoting, selling, or offering for sale the UFP Product;

    2. infringing the Lake Lite Copyright Registrations;

    3. infringing the '246 Patent;

    4. infringing the '126 Patent; and

      5.  otherwise infringing Lake Lite's trade secrets, Confidential Information, and/or any other intellectual property right of Lake Lite.

I.    Requiring Defendants to pay Lake Lite any damages Lake Lite has suffered arising out of and/or as a result of Defendants' copyright infringement, including damages and profits under 17 U.S.C. § 504 for each infringement and attorneys' fees and full costs under 17 U.S.C. § 505;

J.    Requiring Defendants to pay Lake Lite any damages Lake Lite has suffered arising out of and/or as a result of Defendants' patent infringement, including Lake Lite's lost profits, Defendants' profits and/or reasonable royalties for Defendants' patent infringement, and any other relief provided for in 35 U.S.C. § 284 and/or 35 U.S.C. § 289;

K.    Awarding Lake Lite its reasonable attorneys' fees because of the exceptional nature of this case, pursuant to 35 U.S.C. § 285, and/or any other statute alleged in this Complaint;

L.    Requiring Defendants to pay Lake Lite's damages, court costs, reasonable fees of attorneys, accountants and expert witness expenses, pursuant to the MNDA;

M.    Requiring Defendants to pay Lake Lite any other damages recoverable under any other statute or law alleged in this Complaint;

N.    Requiring Defendants to pay to Lake Lite treble damages due to the exceptional circumstances of this case, and/or based on any other statute or law alleged in this Complaint;

O.    Requiring Defendants to pay Lake Lite prejudgment interest on the monetary recovery awarded; and

P.    Granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Lake Lite demands a jury trial on all issues and claims so triable.

Respectfully submitted,

October 24, 2014          By  *s/*M. Scott McIntyre
                              M. Scott McIntyre
                              BAKER HOSTETLER LLP
                              312 Walnut Street
                              Suite 3200
                              Cincinnati, OH 45202-4074
                              Tel.: (513) 852-2622
                              Fax: (513) 929-0303
                              Attorney for Plaintiff
                              Lake Lite Inc.